### LAKE AT LAS VEGAS INVESTORS GROUP, INC., Plaintiff,

v.

### PACIFIC MALIBU DEVELOPMENT CORPORATION, a California corporation, Pacific Malibu Development Corporation, a Nevada corporation, Barry Silverton, Transcontinental Corporation, Transneva Corporation, Transneva Limited Partnership, Lake at Las Vegas Joint Venture, Botaba Realty Company, a general partnership d/b/a Transcontinental Properties, BSF Partners, Sid R. Bass, Robert M. Bass, Lee M. Bass and Ronald F. Boedekker, Defendants.

### No. CV–S–87–768–PMP (RLH).

United States District Court, D. Nevada.

Nov. 15, 1994.

Carl H. Hanzelik, Gerald E. Burns, Dilworth, Paxson, Kalish & Kauffman, Philadelphia, PA, Barry L. Lieberman, Dickerson, Dickerson, Lieberman & Consul, Las Vegas, NV, for plaintiff.

Rodney M. Jean, Deborah L. Earl, Lionel Sawyer & Collins, Las Vegas, NV, for defendant Lake at Las Vegas Joint Venture.

## ORDER

PRO, District Judge.

Before the Court is a Motion for Summary Judgment (# 321) filed by Defendant Lake at Las Vegas Joint Venture ("Joint Venture") on July 19, 1994. Plaintiff Lake at Las Vegas Investors Group, Inc. ("Investors"), filed an Opposition (# 333) on September 14, 1994, and Joint Venture filed a Reply (# 336) on October 4, 1994. On October 12, 1994, Investors filed a Motion for Leave to Supplement Opposition to Motion for Summary Judgment (# 337). Joint Venture did not oppose the Motion for Leave to Supplement Opposition and instead filed a Request That Summary Judgment Motion Stand Submitted (# 339) on October 13, 1994.

Investors filed its Fourth Amended Complaint (# 230) on May 17, 1990. Of the ten Counts asserted against the various defendants, Defendant Joint Venture is named only in Counts Eight and Nine. Count Eight alleges that Joint Venture tortiously interfered with the contractual and business relationship between Investors and Defendants Pacific Malibu Development Corporation ("Pacific Malibu") and its principal shareholder, Barry Silverton ("Silverton"), and Count Nine alleges that Joint Venture induced a breach of Pacific Malibu's and Silverton's fiduciary duties to Investors.

The salient facts according to Joint Venture in support of its Motion for Summary Judgment are as follows: On September 4, 1987, Investors entered into a letter agreement with Pacific Malibu and Silverton for the acquisition and assemblage of land in Henderson, Nevada (the "Land").[1] The letter agreement provided that Investors was to

obtain a bona fide financing commitment for the acquisition of the Land by September 22, 1987. Thereafter, however, for reasons that are in dispute among the parties, Silverton began to explore the possibility of new financing for acquiring the Land.

Subsequently, on September 23, 25 and 28, Silverton met with Ronald Boedekker ("Boedekker"), president of Defendant Transcontinental Corporation ("Transcontinental"), to discuss the joint acquisition and development of the Land. Joint Venture contends that Silverton made no reference to any previous agreement with Investors during any of the meetings.

On September 29 or 30, while performing due diligence on Transcontinental's deal with Silverton and Pacific Malibu, Transcontinental's attorneys became aware of the previous agreement Silverton and Pacific Malibu had entered into with Investors. Joint Venture contends that when Transcontinental's attorney's inquired about the previous deal, Pacific Malibu's attorney unequivocally informed them that the previous agreement had been terminated.

On October 6, Pacific Malibu entered into a letter agreement with Transcontinental to form a partnership to acquire and develop the Land. Boedekker claims it was later that same day that Transcontinental's counsel first informed him of Investors' asserted contractual right to purchase the Land. As a result, Boedekker further claims that he instructed Transcontinental to refrain from closing the deal with Pacific Malibu until the litigation was resolved.

On October 9, 1987, Investors filed a Complaint seeking injunctive relief against Pacific Malibu, Silverton, and Transcontinental in Nevada State Court. On October 15, 1987, however, Investors voluntarily dismissed that Complaint pursuant to Nev.R.Civ.P. 41(a)(1) and then filed an identical pleading that same day. Pacific Malibu and Silverton removed the case to this Court on October 22, 1987.

Investors had sought a temporary restraining order in the state court action on

1. For the purposes of this Order, it is assumed that this agreement was a valid and binding

contract.

October 15. After removal, however, Investors withdrew the motion for a temporary restraining order. Allegedly having become aware that Transcontinental still refused to go forward with the agreement to acquire the Land, Investors' attorney wrote to Silverton's attorney proposing to take "appropriate steps" to remove any impediments to an agreement between Transcontinental and Silverton and Pacific Malibu. *See* Letter date November 9, 1987, from Mel Close to Urban Schreiner, attached as Ex. "J" to Joint Venture's Motion for Summary Judgment (# 321). Thereafter, on November 10, 1987, Investors filed another Rule 41(a)(1) dismissal of Transcontinental. On that same date, Investors amended its Complaint "to withdraw all of its causes of action against Transcontinental Corporation." *See* Motion to Amend Complaint, attached at Ex. "L" to Joint Venture's Motion for Summary Judgment (# 321). On December 21, 1987, Transcontinental, through a related business entity, Transneva Limited Partnership, entered into Joint Venture with Pacific Malibu and acquired the Land on that same date. Subsequently, Investors again amended its Complaint and reasserted tortious interference claims against Transcontinental and related entities, including Joint Venture.

Joint Venture now moves for summary judgment on Counts Eight (interference with contractual relationship) and Nine (inducing breach of fiduciary duty).

## A. Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The party moving for summary judgment has the initial burden of showing the absence of a genuine issue of material fact. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Zoslaw v. MCA Distrib. Corp.,* 693 F.2d 870, 883 (9th Cir.1982). Once the movant's burden is met by presenting evidence which, if uncontroverted, would entitle the movant to a directed verdict at trial, the burden then shifts to the respondent to set forth specific facts demonstrating that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). If the factual context makes the respondent's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986); *California Arch. Bldg. Prod. v. Franciscan Ceramics,* 818 F.2d 1466, 1468 (9th Cir.1987), *cert. denied,* 484 U.S. 1006, 108 S.Ct. 698, 699, 98 L.Ed.2d 650 (1988).

If the party seeking summary judgment meets this burden, then summary judgment will be granted unless there is significant probative evidence tending to support the opponent's legal theory. *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 290, 88 S.Ct. 1575, 1593, 20 L.Ed.2d 569 (1968); *Commodity Futures Trading Comm'n v. Savage,* 611 F.2d 270 (9th Cir. 1979). Parties seeking to defeat summary judgment cannot stand on their pleadings once the movant has submitted affidavits or other similar materials. Affidavits that do not affirmatively demonstrate personal knowledge are insufficient. *British Airways Bd. v. Boeing Co.,* 585 F.2d 946, 952 (9th Cir.1978), *cert. denied,* 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241 (1979). Likewise, "legal memoranda and oral argument are not evidence and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment." *Id.*

A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the differing versions of the truth. *See Admiralty Fund v. Hugh Johnson & Co.,* 677 F.2d 1301, 1305–06 (9th Cir.1982); *Admiralty Fund v. Jones,* 677 F.2d 1289, 1293 (9th Cir.1982).

All facts and inferences drawn must be viewed in the light most favorable to the responding party when determining whether a genuine issue of material fact ex-

ists for summary judgment purposes. *Poller v. CBS, Inc.,* 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). After drawing inferences favorable to the respondent, summary judgment will be granted only if all reasonable inferences defeat the respondent's claims. *Admiralty Fund v. Tabor,* 677 F.2d 1297, 1298 (9th Cir.1982).

The trilogy of Supreme Court cases cited above establishes that "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp.,* 477 U.S. at 327, 106 S.Ct. at 2555 (quoting Fed.R.Civ.P. 1). *See also Avia Group Int'l, Inc. v. L.A. Gear Cal.,* 853 F.2d 1557, 1560 (Fed.Cir.1988).

### B. *Inducing Breach of Fiduciary Duty*

■ Count Nine of Investors' Fourth Amended Complaint alleges that Joint Venture induced Pacific Malibu and Silverton to breach fiduciary duties to Investors. Joint Venture correctly notes that no Nevada court has ever recognized a cause of action for inducing a breach of fiduciary duty. Investors acknowledge that this type of claim has yet to be recognized in Nevada, but point out that neither has it been explicitly rejected. Investors, in noting that other jurisdictions have recognized such a cause of action, see *Whitney v. Citibank, N.A.,* 782 F.2d 1106, 1115 (2d Cir.1986); *United States v. Rivieccio,* 846 F.Supp. 1079, 1086 (E.D.N.Y.1994), urges this Court to do the same. To address this question, because this Court sits in diversity, it must attempt to predict whether the Nevada Supreme Court would recognize a cause of action for inducing a breach of fiduciary duty.

■ The Court finds that under the circumstances of this case, the Nevada Supreme Court would not recognize a cause of action for inducing a breach of fiduciary duty. Any fiduciary duty that exists between Investors and Silverton and Pacific Malibu was created solely by contract. Thus, any breach of that fiduciary duty is a breach of the contract as well. As Investors has alleged a cause of action for tortious interference with contractual relations against Joint Venture, and because the fiduciary duty is created by contract, proving of a breach of this duty necessarily proves a breach of the contract. Allowing Investors to maintain an independent cause of action for inducing a breach of fiduciary duty against Joint Venture would be redundant. The Court finds that the Nevada Supreme Court would not recognize a redundant cause of action. Therefore, Joint Venture's Motion will be granted, and Count Nine of Investors' Complaint will be dismissed.

### C. *Intentional Interference With Contractual Relations*

■ As the Court has found that Count Nine of Investors' Complaint should be dismissed, the remainder of Joint Venture's arguments in support of summary judgment will be addressed with respect to Investors' remaining claim for intentional interference with contractual relations. Joint Venture argues that summary judgment is appropriate for the following reasons: 1) Investors is equitably estopped from asserting any claims against Joint Venture; 2) the tortious interference claims cannot survive because Joint Venture caused no breach; 3) Joint Venture cannot be held liable for tortious acts for which its partners could not be held liable; and 4) the two dismissal provision of Rule 41(a)(1) bars Investors' claims against Joint Venture.

Because the Court finds that Investors has failed to identify any acts taken by Joint Venture which induced Pacific Malibu and Silverton to breach the contract with Investors, and has not come forward with any evidence from which the Court could infer the existence of such acts on Joint Venture's part, summary judgment will be granted in Joint Venture's favor on Count Eight as well.

It is clear that a party seeking summary judgment may discharge its burden of showing the absence of a genuine issue of material fact by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the moving party has met this burden, "[t]he burden then shifts to the nonmoving party to present evidence sufficient to support a verdict in its favor on every element of its claim for which it will carry the

burden of proof at trial." *In re Apple Computer Securities Litigation,* 886 F.2d 1109, 1113 (9th Cir.1989), *cert. denied,* 496 U.S. 943, 110 S.Ct. 3229, 110 L.Ed.2d 676 (1990) (citing *Catrett,* 477 U.S. at 321–25, 106 S.Ct. at 2552–53).

In Nevada, to maintain a cause of action for intentional interference with contractual relations, the plaintiff must show: (1) a valid and existing contract; (2) the defendant's knowledge of the contract; (3) intentional acts intended or designed to disrupt the contractual relationship; (4) actual disruption of the contract; and (5) resulting damage. *Sutherland v. Gross,* 105 Nev. 192, 772 P.2d 1287, 1290 (1989). As explained by this Court in a previous case, "[a]t the heart of [an intentional interference] action is whether Plaintiff has proved *intentional acts by Defendant* intended or designed to disrupt Plaintiff's contractual relations...." *Nat. Right to Life P.A. Com. v. Friends of Bryan,* 741 F.Supp. 807, 814 (D.Nev.1990) (emphasis added). It is Investors' failure to come forward with proof of intentional acts *by Joint Venture* that is the undoing of this claim.

Undoubtedly, Investors carries the burden of demonstrating at trial that Joint Venture committed intentional acts intended or designed to disrupt Investors' contract with Pacific Malibu and Silverton. Investors, however, fails to identify any acts *taken by Joint Venture* that were intended to disrupt Investors contractual relations. Indeed, no evidence has been presented to indicate that Joint Venture took any action whatsoever in this case, except for purchasing the Land, and most of the actions identified by Investors that might be construed by this Court as giving rise to an intentional interference claim are alleged to have been committed by Defendant Transcontinental—not Joint Venture. In fact, all the allegedly tortious acts identified by Investors were committed prior to the date of Joint Venture's creation and, therefore, they are acts for which Joint Venture cannot be held responsible.

Furthermore, Joint Venture is a partnership between Pacific Malibu and Transneva Limited Partnership[2] that was formed as a

vehicle to purchase and develop the Land, which it did. With regard to basing an intentional interference action against Joint Venture for its purchase of the land, it is clear that "[o]ne does not induce another to commit a breach of contract with a third person ... when he merely enters into an agreement with the other with knowledge that the other cannot perform both it and his contract with the third person." Restatement (Second) of Torts § 766 cmt. n (1979). It appears to the Court that if a cause of action for intentional interference exists in this case, it lies against other defendants and not Joint Venture. Therefore, Joint Venture's Motion for Summary Judgment will be granted on Count Eight as well.

IT IS THEREFORE ORDERED THAT Defendant Lake at Las Vegas Joint Venture's Motion for Summary Judgment (# 321) is Granted.

---

2. Transneva Limited Partnership is a limited partnership organized under the laws of the State of Nevada, whose general partner is Defendant Transneva Corporation. Transneva Corporation is a Nevada corporation and is a wholly owned subsidiary of Transcontinental.